**\* Amended CLD-040**                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3787
_____

IN RE:  PAUL N. LITTLES,
Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Criminal No. 98-cr-00056)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 23, 2011

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 12, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

　　　　Paul N. Littles filed this pro se petition for a writ of mandamus seeking an order

compelling the District Court to examine a claim that he raised in a motion to vacate

sentence filed in 2001.  For the reasons that follow, we will deny the petition.

　　　　Littles was convicted by a jury of federal drug offenses and sentenced to thirty

years' imprisonment.  This Court affirmed his conviction and sentence on direct appeal,

1

and the Supreme Court denied certiorari. Littles then filed a motion under 28 U.S.C. § 2255 to vacate his sentence, which was denied, as was his request for a certificate of appealability. Since then, Littles has continued to make unsuccessful challenges to his conviction and sentence, including a petition pursuant to 28 U.S.C. § 2241, as well as a request to file a second or successive § 2255 motion.

In January 2011, Littles filed a motion in District Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure that is relevant to the mandamus petition. He claimed that the court neglected to consider a Batson claim, Batson v. Kentucky, 476 U.S. 79 (1986), he raised about ten years ago in his initial § 2255 motion. He asked the court to "reopen" the proceedings and evaluate the claim. The District Court denied the Rule 60(b) motion, noting that this Court had rejected the Batson claim on direct appeal prior to the § 2255 motion and that Little's Rule 60(b) motion was therefore frivolous. Littles moved for reconsideration, which was also denied. He appealed, and we denied a certificate of appealability in August 2011. Littles then filed the present mandamus petition seeking to compel the District Court to do what he requested in his unsuccessful Rule 60(b) motion.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other

2

adequate means to obtain the desired relief." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Littles has established neither criterion. The District Court – and this Court – have already rejected his argument that the District Court must consider the Batson claim, and consequently Littles has not shown that he has a "clear and indisputable" right to the issuance of a writ of mandamus.

Littles also has failed to show that he has no other adequate means to obtain District Court review of his Batson claim. On the contrary, he has already availed himself of such means by filing his Rule 60(b) motion and appealing the District Court's denial of that motion. The fact that he did not prevail does not signify that these means are inadequate, nor does it permit him to use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

Accordingly, we will deny the petition. In reaching this decision, we have considered all material Littles filed with the Court, including his motion to supplement. To that extent, the motion is granted. Littles' motion for a default judgment is denied.